# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| HIRMAN EUGENE JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 2:18-CV-100-TLS |
| vs. | ) |
| | ) |
| LAKE COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Hirman Eugene Jackson, a pro se prisoner, filed a Complaint [ECF No. 1] arising from his March 1, 2016, arrest. Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Under federal pleading standards,

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009) (quotation marks and internal citations omitted). Furthermore, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To survive dismissal, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Upon review, Jackson's Complaint is unduly vague and does not adequately set forth his claims. It can be discerned that Jackson's claims arise from Detective Natalie Lovett obtaining a warrant that led to U.S. Marshal Eric Brown arresting him on March 1, 2016. Without much detail, Jackson complains that the arrest warrant in Case No. 79C01-1603-F1-4 was not yet active. This is true. The online court docket indicates that the arrest warrant in that case was not issued by the court until March 10, 2016. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlpETXdOV Gd4T0RFNE1EZ3dPamMxTXpnME16TXlabUk9In19. But, the fact that Case No. 79C01-1603-F1-4 was not initiated until March 10, 2016, does not mean that Jackson was falsely arrested on March 1, 2016. Indeed, the docket also reveals that on March 1, 2016, there was an active warrant out for Jackson's arrest in Case No. 79C01-1602-F5-23. https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik9UZ3dOV Gd4T0RFNE1EZ3dPamt5TVRrME1UUXlZamM9In19. Thus, without more, it appears that Jackson was arrested on March 1, 2016, based on the outstanding arrest warrant in Case No. 79C01-1602-F5-23.

As pled, there are no facts contained in this Complaint from which it could be reasonably inferred that either Brown or Lovett violated any of Jackson's constitutional rights. Indeed, even if he was arrested based on an invalid warrant, Jackson does not allege that either Defendant knew or had any reason to know that the warrant was not valid at the time of the arrest. *See Juris v. McGowan*. 957 F.2d 345, 350 (7th Cir. 1992) ("Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation."). Thus, Jackson has not plausibly alleged a claim against either Eric Brown or Natalie Lovett.

Jackson also complains that he was detained for more than seventy-two hours at the Lake County Jail without being brought before a judge or magistrate. Based on this claim, he is suing the Lake County Jail. However, the jail is not a suable entity. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

While the Complaint does not state a claim against any defendant, Jackson will be afforded an opportunity to file an amended complaint if he can cure the deficiencies noted above. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022–23, 1025 (7th Cir. 2013). A copy of this Court's approved form—Prisoner Complaint (INND Rev. 8/16)—is available upon request from the prison law library. In any amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how the defendants violated his constitutional rights, providing as much detail as possible.

For these reasons, the Court:

(1) **GRANTS** Hirman Eugene Jackson to and including September 10, 2018, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not respond by the deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on August 15, 2018.

                                            s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT